OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas in which appellant, Larry D. Furr, was found guilty of trafficking in cocaine and tampering with evidence after trial to a jury on August 26, 1998. The case was referred to the probation department for a presentence investigation and report and was continued for sentencing. On September 9, 1998, appellant was sentenced to six months on the charge of trafficking in cocaine and one year on the charge of tampering with evidence. The sentences were ordered to be served concurrently. For the reasons that follow, this court affirms the judgment of the trial court.
Appointed counsel, Carol L. Damrauer, has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of her request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any meritorious, appealable issues. Counsel for appellant does, however, set forth the following potential assignments of error:
"Issue One
 Whether Pursuant to Ohio Law and the United States Constitution, the Defendant's Conviction [sic] are not Supported by Sufficient Proof of Guilt as to Each Essential Element of the Offenses Charged.
"Issue Two
 Whether Defendant-Appellant was Denied the Effective Assistance of Counsel at Trial, in Violation of his Sixth Amendment Rights.
"Issue Three
 Whether the Trial Court Abused its Discretion, When Sentencing Defendant-Appellant."
 Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court has proceeded with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
The facts that are relevant to the issues raised on appeal are as follows. On July 16, 1998, appellant was indicted on one count of trafficking in cocaine in violation of R.C.2925.03(A) and (C)(4)(b) and one count of tampering with evidence in violation of R.C. 2921.12(A)(1) in case no. CR 98-2232. On July 24, 1998, appellant was found to be indigent, was appointed counsel, and was arraigned. On August 26, 1998, appellant began to enter a plea of no contest to the trafficking count in the indictment with the agreement that the tampering with evidence charge would be nolle prosequied. As the plea progressed appellant indicated he wished to go to trial. Therefore, immediately after the aborted plea, trial by jury was held and the following relevant evidence was presented.
Lieutenant Dan Schultz, Toledo Police Department, testified that he was working undercover and driving an unmarked van on March 22, 1998 when he saw appellant standing on the street outside Ashland Manor Apartments on Ashland Avenue. Schultz testified that he saw appellant try to flag down a car. He stated that he patrols Ashland Manor as an off-duty security officer and said he had encountered appellant in that area quite often and recognized him immediately. The detective stated that he and his partner thought appellant might be trying to make a street drug sale and decided to drive by and try to make a purchase. Appellant flagged down the detectives' van as they drove along Putnam Street toward Irving Street and when the van stopped, appellant came up to the passenger's side window and leaned into the vehicle. Schultz stated that appellant recognized him and said, "Oh, no. I'm not doing anything. I'm just drunk. I'm just standing out here * * *." Appellant then backed away from the van.
Officer Louie Espinoza, an undercover detective for the Toledo Police Vice-Narcotics Section, testified that he was called to Irving and Putnam Streets at approximately 12:30 a.m. on March 22, 1998. Espinoza testified that he was directed to the area by his lieutenant because someone was doing street sales and his lieutenant wanted him to see if he could make a purchase. Espinoza testified further that as he drove down Putnam toward Ashland Manor appellant stepped into the street and flagged him down. When Espinoza stopped, appellant leaned into the passenger's side window. Espinoza testified that appellant asked him what he was looking for or if he wanted some rock, or "something to that effect." Espinoza asked him "where's the 20's at," referring to twenty-dollar pieces of crack cocaine. Appellant jumped in the car and told Espinoza to drive to Ashland Manor so the detective pulled into the apartment parking lot. Appellant told Espinoza to give him the money and the detective asked to see the drugs first. The two men argued briefly and Espinoza then gave appellant twenty dollars. Appellant said he would be right back and ran to the side of the building. Eventually appellant came out and got in the car and told Espinoza to get out of there because there were "too many cops" around. Espinoza told him to give him the drugs. The two men argued and Espinoza began to drive, continuing to ask for the drugs. Espinoza testified that as he drove he looked over at appellant's hand and appellant showed him the piece of crack cocaine. The detective further testified that as they continued to drive appellant reached to open the door. Espinoza grabbed his arm and told him he was under arrest. Appellant then threw something on the ground from the hand that had been holding the crack. Espinoza's backup arrived and placed appellant under arrest. Espinoza testified that he did see the piece of crack cocaine in appellant's hand. The detective further testified that he recovered the piece of crack cocaine from the ground outside the car. The parties stipulated that the substance recovered by Espinoza outside his car was crack cocaine.
At the conclusion of the prosecution's case defense counsel moved the court to dismiss pursuant to Crim.R. 29. The court denied the motion; however, the court did find that the prosecution had not proven the sentencing enhancement provision,i.e., selling drugs within the vicinity of the schoolyard. Thereupon, trial continued and at the close of the day appellant was found guilty of the charges and the matter was referred for a presentence investigation and report appellant was sentenced to the minimum six months as to the first count, a felony of the fifth degree, and twelve months as to the second count, a felony of the fourth degree.
The first potential assignment of error raises the issue of whether appellant's conviction was supported by sufficient proof of guilt as to each essential element of the offenses charged.
 "Sufficiency is a term of art meaning that legal standard which is applied to determine whether * * * the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Tompkins (1997), 78 Ohio St.3d 380, 386, quoting Black's Legal Dictionary (6 Ed. 1990) 1433.
 "In essence, sufficiency is a test of adequacy." Tompkins, supra, 386.
Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259.
Pursuant to R.C. 2925.03(A), trafficking in cocaine, the state must establish beyond a reasonable doubt that appellant did "knowingly sell or offer to sell a controlled substance." Under R.C. 2921.12(A)(1), the prosecution must also prove beyond a reasonable doubt that appellant "knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, [did] 1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation; * * *" This court has thoroughly considered the entire record of proceedings in the trial court.
Upon thorough consideration of the law and the evidence presented at trial as summarized above, this court finds that sufficient evidence was presented from which any trier of fact could have found, when viewing the evidence in a light most favorable to the prosecution, that appellant did knowingly sell or offer to sell a controlled substance, that being cocaine, in violation of R.C. 2925.03(A) and that the state did prove beyond a reasonable doubt that appellant, knowing that an official proceeding or investigation was in progress or was about to be or likely to be instituted, did knowingly alter, destroy, conceal or remove evidence with purpose to impair the availability of the evidence in violation of R.C. 2921.12(A)(1). Accordingly, appellant's first potential assignment of error is not well-taken.
The second potential assignment of error raises the issue of whether appellant was denied effective assistance of counsel.
To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
Appellant's brief does not cite any instances to support a potential claim that defense counsel's representation was ineffective. After a thorough review of the record of proceedings in the trial court, this court is unable to find any examples of ineffective assistance of counsel. The record does show that defense counsel made and renewed the necessary motions for dismissal, rigorously cross-examined the state's witnesses, and at the close of the prosecution's case, successfully moved for the dismissal of the schoolyard penalty provision set forth in R.C. 2925.03(C)(4)(b). Although appellant indicates that he desired to testify on his own behalf, nothing in the record reflects that desire. The record does reflect that the court specifically inquired of counsel whether the appellant's right to testify had been discussed with him and it was indicated that he had chosen not to testify. Accordingly, appellant's second potential assignment of error is not well-taken.
The third potential assignment of error raises the issue of whether the trial court abused its discretion when sentencing appellant. The Ohio Legislature through R.C. 2929.11(A) mandated that when sentencing a defendant for a felony the sentencing court must be guided by the overriding purposes of felony sentencing and those purposes are to protect the public from future crime by the offender and others and to punish the offender. The legislature dictated that the purposes of sentencing should include retribution, deterrence, separation, rehabilitation and restitution. R.C. 2929.12 sets forth the factors that are to be weighed one against the other before arriving at a just and appropriate sentence. In this case the court had before it a presentence report from the Adult Probation Department. After a thorough review of the judgment entry of sentence and the law, it is the finding of the court that the trial court sentenced the appellant within the sentencing parameters set forth by the statutes, and that the court considered all necessary factors in arriving at that sentence. Therefore, this court finds that the sentence imposed was not an abuse of discretion. Accordingly, appellant's third proposed assignment of error is not well-taken.
Upon our independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
James R. Sherck, J.
Richard W. Knepper, J.
CONCUR.